IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-77-BO
No. 5:17-CV-587-BO

| | |
|---|---|
| GEOFFREY K. MONTAGUE, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government, in response, has moved to dismiss the motion to vacate. For the reasons that follow, the government's motion to dismiss is granted.

## BACKGROUND

Petitioner, Montague, was sentenced by the Court to a term of sixty months' imprisonment following his plea of guilty to charges of conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371 and bribery in violation of 18 U.S.C. § 201(b)(2). [DE 31]. Montague was further ordered to make restitution in the amount of $7,499,200.00 to the United States Department of Defense jointly and severally along with Christopher Ciampa, No. 5:14-CR-197-BO; Enmanuel Lugo, No. 5:14-CR-251-BO; and Jeffrey Edmondson, No. 5:15-CR-118-BO. *Id.*

Montague did not file a direct appeal of his conviction or sentence. In July 2017, Montague filed a motion for specific performance of the clear language of his plea agreement. [DE 55]. Montague argues that the government had breached his plea agreement by failing to present

information about his cooperation at sentencing and by failing to request an appropriate reduction in the advisory Guidelines range. By order entered November 1, 2017, the Court notified Montague of its intent to construe his motion for specific performance as a motion pursuant to 28 U.S.C. § 2255. [DE 60]. On November 29, 2017, Montague filed the instant motion to vacate. [DE 61]. In his § 2255 motion, Montague raises three grounds for relief: first, that the government failed to file a motion pursuant to U.S.S.G. § 5K1.1; second, that the restitution judgment was imposed jointly and severally as between Montague and his co-defendants, but the restitution amounts ordered in Montague's co-defendants' cases are different from the amount of restitution ordered in Montague's case; and finally that the two-level enhancement for multiple bribes was not appropriately applied. Because Montague in response to the Court's order filed a separate motion under § 2255, the Court will consider the arguments raised in the motion for specific performance as additional grounds for relief under § 2255.

## DISCUSSION

The government contends that the Court should dismiss Montague's § 2255 motion pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. "To survive a motion to dismiss pursuant to Rule 12(b)(6), [a petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Under § 2255(b), [u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court must grant a prompt hearing to determine the issues and make findings of fact and conclusions of law with respect thereto." *United States v. Thomas*, 627 F.3d 534, 539 (4th Cir. 2010) (internal quotation and citation omitted).

2

A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final; (2) the date on which an impediment to making a motion that is created by the government is removed; (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review; or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)-(4). Because he did not file a direct appeal, Montague's conviction became final on the date of entry of his judgment of conviction or, at the latest, when the time for noticing a direct appeal expired fourteen days from the date of entry of judgment. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001); *United States v. Brown*, 596 F. App'x 209, 211 (4th Cir. 2015) (unpublished) (applying *Sanders*); *see also United States v. Diallo*, 581 F. App'x 226, 227 (4th Cir. 2014)(unpublished) (holding that limitations period begins when the time for filing direct appeal has expired) (citing *Clay v. United States*, 537 U.S. 522, 525 (2003)); *Hannigan v. United States*, 131 F. Supp. 3d 480, 484 n.1 (E.D.N.C. 2015) (recognizing that the Fourth Circuit has not overruled *Sanders* and discussing application of *Clay*). Judgement was filed on September 29, 2015, and was entered on the Court's docket on October 2, 2015. Montague's § 2255 motion, which was filed at the earliest on July 17, 2017, was filed well-outside the one-year limitations period in § 2255(f)(1). Montague has failed to demonstrate that his motion is timely under any of the remaining provisions of 28 U.S.C. § 2255(f).

Further, Montague has not demonstrated that equitable tolling of the limitations period should apply. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (equitable tolling of limitations period available where petitioner demonstrates he has been pursuing his rights diligently and some extraordinary circumstance prevented him from timely filing his petition). Although Montague argues that his § 2255 motion should not be deemed untimely as it was the Court which, pursuant

3

to *Castro v. United States*, 540 U.S. 375 (2003), converted his motion to one which is subject to timeliness limitations, the Court would note that its notice to Montague expressly advised him of the limits placed on motions under § 2255. Equitable tolling of the one-year period of limitations governing § 2255 petitions is available only in " those rare instances where – due to circumstances external to the party' s own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green *v. Johnson*, 515 F.3d 290, 304 (4th Cir. 2008) (citation omitted). The Court has been presented with no basis to conclude that it would be unconscionable to enforce the limitations period in this case. Therefore, because Montague did not file his § 2255 motion within the limitations period and equitable tolling does not apply, it must be dismissed as untimely.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 65] is GRANTED and petitioner's motion to vacate [DE 61] and motion for specific performance [DE 55] are DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this **3** day of April, 2018.

                                          */s/ Terrence Boyle*
                                          TERRENCE W. BOYLE
                                          UNITED STATES DISTRICT JUDGE